UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YADIRA VALENTIN, et al., | Case No. 25-cv-10342-NW |
| Plaintiffs, | |
| v. | **ORDER DENYING MOTION TO REMAND** |
| GENERAL MOTORS, LLC, | Re: ECF No. 8 |
| Defendant. | |

On December 30, 2025, Plaintiffs Yadira Valentin and Jesus Alberto Garcia Hernandez ("Plaintiffs") filed a motion to remand their case to state court. ECF No. 8.[1] Having considered the parties' briefs and the relevant legal authority, the Court concludes oral argument is not required, *see* N.D. Cal. Civ. L.R. 7-1(b), VACATES the hearing set for April 1, 2026, and DENIES the motion.

I.    **BACKGROUND**

Plaintiffs' dispute stems from the purchase of a 2023 GMC Canyon on May 17, 2023. When Plaintiffs owned the car, it manifested defects including "engine system and transmission system defects." Compl. ¶ 12, ECF No. 1-1. These defects allegedly impacted the use, value, and safety of the car and Plaintiffs repeatedly brought the car in for service and repairs.

In an effort to resolve their dispute prior to filing suit, on May 1, 2025, Plaintiffs gave Defendant General Motors, LLC ("Defendant" or "GM") a copy of the car sales agreement and repair orders. Plata Decl. ¶ 7, ECF No. 8-1. The parties did not resolve the matter and on July 31,

---

[1] Other than the complaint and the parties' declarations, record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

2025, Plaintiffs sued Defendant in California Superior Court, County of Santa Clara.

Plaintiffs assert five causes of action: (1) Violation of Subdivision (D) of Civil Code Section 1793.2 (Failure to Promptly Repurchase or Replace New Motor Vehicle After Reasonable Number of Repair Opportunities); (2) Violation of Subdivision (B) of Civil Code Section 1793.2 (Failure to Begin Repairs Within Reasonable Time or to Complete Repairs Within 30 Days); (3) Violation of Subdivision (A)(3) of Civil Code Section 1793.2 (Failure to Make Available to Authorized Service and Repair Facilities Sufficient Service Literature and Replacement Parts to Effect Repairs); (4) Breach of the Implied Warranty of Merchantability; and (5) Violation of the Magnuson-Moss Warranty Act (MMWA). *See* Compl.

Plaintiffs served Defendant on August 4, 2025. *See* ECF No. 1-1 at 2. Defendant answered on September 3, 2025. ECF No. 1-2. On October 2, 2025, pursuant to California law, Plaintiffs gave Defendant a copy of the car's sales agreement (but not the repair orders). Plata Decl. ¶ 8. The sales agreement lists the car's purchase price as $101,783.84. ECF No. 13-2 at 2. On November 3, 2025, Plaintiffs produced a loan payoff letter for the car showing a remaining balance of $46,744.83. Fitch Decl. ¶ 4, ECF No. 13-1.

It appears from the record that Plaintiffs did not produce the car's repair records after filing suit. Instead, GM reviewed its records and determined that the car had been brought in for repair at least three times. *Id.* ¶ 3. According to the repair records, the car was first brought in on November 30, 2023, when it had 7,362 miles on the odometer. *Id.*; *see also* ECF No. 13-3 at 2.

On December 2, 2025, Defendant removed the case to this Court. ECF No. 1. On December 30, 2025, Plaintiffs moved to remand. ECF No. 8. Defendant opposed, and Plaintiffs submitted a reply. ECF Nos. 13, 14.

## II.    LEGAL STANDARD

A defendant may remove a civil action from state court to federal district court if the district court would have had original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). District courts have original jurisdiction over civil actions based on the presence of a federal question, *see* 28 U.S.C. § 1331, or diversity of citizenship, *see* 28 U.S.C. § 1332. Thus, "[a] defendant may remove an action to federal court based on federal question jurisdiction or diversity

United States District Court
Northern District of California

2

jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

A party who contests removal may file a motion to remand. *See* 28 U.S.C. § 1447(c). "Removal statutes are strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Casola v. Dexcom, Inc.*, 98 F.4th 947, 954 (9th Cir. 2024) (citation omitted). "The presumption against removal means that the defendant always has the burden of establishing that removal is proper." *Id*. (citation omitted).

## III.    DISCUSSION

Plaintiffs move for remand on three grounds: (1) Defendant waived its right to remove under 28 U.S.C. § 1446(b)(1) by not filing for removal within 30 days of service of the complaint on August 4, 2025; (2) Defendant waived its right to remove under 28 U.S.C. § 1446(b)(3) by not filing for removal within 30 days of receipt of the car's sales agreement on October 2, 2025; and (3) Defendant failed to establish the substantive requirements for removal. ECF No. 8 at 2. For the reasons stated below, all lack merit.[2]

### A.    Timeliness of Defendant's Notice of Removal

A defendant has three time periods to remove a case from state court. *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013). The first runs for 30 days from receipt of an initial pleading making removability clear. *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1090 (9th Cir. 2021) (citing 28 U.S.C. § 1446(b)(1)). If removability was not clear from the initial pleading, the second runs for 30 days from receipt of an "amended pleading, motion, order or other paper" making removability clear. *Id.* at 1090–91 (quoting § 1446(b)(3)). Finally, if neither of the two preceding periods have elapsed, the third allows removal "on the basis of [a defendant's] own information." *Roth*, 720 F.3d at 1125. For most diversity cases, this period elapses one year after the action's start. *Id.* at 1126 (citing § 1446(c)(1)).

District courts in the Ninth Circuit are split regarding what allegations in lemon law cases

---

[2] The Court notes that this order closely tracks the opinion issued by another judge in this District in a near-identical case, *Porter v. Gen. Motors, LLC*, No. 25-CV-07971-RFL, 2026 WL 25958 (N.D. Cal. Jan. 5, 2026). There, the plaintiff, represented by the same counsel, filed a near-verbatim motion to remand making similar arguments. *See* Case No. 25-CV-07971-RFL, ECF No. 15. Defendant GM opposed, again with a nearly identical brief. *Id.* at ECF No. 16.

are sufficient to trigger the first removal period. The courts are evenly split as to the appropriate approach where a plaintiff pleads a vehicle's value but not the costs necessary to calculate damages. *See Covarrubias v. Ford Motor Co.*, No. 2:25-CV-00328-JLS-MAA, 2025 WL 907544, at *3 (C.D. Cal. Mar. 24, 2025) (collecting cases). But where a plaintiff does not plead any facts about value, as the case is here, the split is more lopsided. A substantial majority of courts have found that without pleading facts about the vehicle's value, a complaint is indeterminate concerning the amount in controversy and therefore removability is not yet clear. *See, e.g.*, *Porter*, 2026 WL 25958, at *2; *Alvarez-Munguia v. Ford Motor Co.*, No. 23-CV-02751-BLF, 2024 WL 69076, at *3 (N.D. Cal. Jan. 5, 2024) (collecting cases); *Tirado-Lizarraga v. Ford Motor Co.*, No. 23-CV-01411-RS, 2023 WL 3868377, at *2–3 (N.D. Cal. June 6, 2023); *Lopez v. Gen. Motors, LLC*, No. CV 25-06549-MWF(MAAX), 2025 WL 2629545, at *2–3 (C.D. Cal. Sept. 11, 2025); *Leal v. Gen. Motors LLC*, No. 2:25-CV-08545-BFM, 2025 WL 3124332, at *3 (C.D. Cal. Nov. 7, 2025) (collecting cases). By contrast, a few courts have found that a defendant could reasonably ascertain potential recovery above the amount-in-controversy requirement just by knowing the plaintiff purchased an expensive new car. *See, e.g.*, *Lee v. Gen. Motors, LLC*, No. 2:25-CV-07090-MWC-E, 2025 WL 2855115, at *2 (C.D. Cal. Oct. 8, 2025); *Silvano v. Ford Motor Co.*, No. CV232422DMGPVCX, 2023 WL 4295090, at *2–3 (C.D. Cal. June 30, 2023).

The majority approach is persuasive, as it logically follows from the Ninth Circuit's bright-line rule that only "the four corners of the applicable pleadings" trigger the first removal period. *See Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). Under that rule, a defendant's "subjective knowledge" is irrelevant, and defendants have no "duty to make further inquiry." *Id.* While a defendant must use a "reasonable amount of intelligence in ascertaining removability" (such as by multiplying figures in a complaint), it need not "consult[] its business records to identify a representative valuation." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140–41 (9th Cir. 2013). And though a defendant may be able to make a "plausible-enough guess" of the amount in controversy "for a case involving . . . luxury automobiles," it need not remove until it receives a paper giving notice of the amount in controversy. *Id.* at 1141. The Ninth Circuit adopted this bright-line rule to bring "certainty and predictability to the [removal]

process," avoid "gamesmanship in pleading," and prevent "the spectre of inevitable collateral litigation" over removal. *Harris*, 425 F.3d at 697. This rule avoids inevitable disputes over which cars are sufficiently expensive to make it obvious that the amount in controversy was high enough and thus avoids wasting the resources of litigants and the courts on side litigation over borderline jurisdictional questions.

Following the majority rule, Plaintiffs' complaint did not trigger the first removal period under Section 1446(b)(1). Plaintiffs' complaint did not allege the car's purchase price; it only lists the make, model, year, VIN, and purchase date of the vehicle. Compl. ¶¶ 6, 9. This information was not enough to give GM notice that the amount in controversy exceeded $75,000, or $50,000 under the MMWA. *See Kuxhausen*, 707 F.3d at 1140–41; 15 U.S.C. § 2310(d)(3). While Plaintiffs argue that "Defendant had more than sufficient information at its disposal to provide a plausible allegation regarding the satisfaction of the jurisdictional threshold," especially given GM's "sophisticated knowledge of the motor vehicle industry," subjective knowledge does not trigger the removal period.[3] *See Kuxhausen*, 707 F.3d at 1140–41; ECF No. 8 at 13. Similarly, Plaintiffs' invocation of the state court's unlimited jurisdiction (for matters seeking total damages above $35,000) did not give GM notice that damages could exceed either $75,000 or $50,000. *See Lopez*, 2025 WL 2629545, at *2.

Nor did the second removal period elapse. The only apparent "paper[s]" that could trigger the second removal period under Section 1446(b)(3) are the sales agreement (produced on October 3, 2025) together with the loan payoff letter (produced on November 3, 2025).[4] *Dietrich*, 14 F.4th

---

[3] Plaintiffs' pre-litigation production to Defendant on May 1, 2025, of the car sales agreement and repair orders does not trigger either of the two removal periods under Section 1446(b). *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 886 (9th Cir. 2010).

[4] The car sales agreement alone did not trigger removal under the "unequivocally clear and certain" standard. *Dietrich*, 14 F.4th at 1095; *see also Stewart v. Gen. Motors LLC*, No. 2:25-CV-07153-SPG-MAA, 2025 WL 2848991, at *4 (C.D. Cal. Oct. 7, 2025). Under this standard, a "paper" per Section 1446(b)(3) must set "forth sufficient facts from which the amount in controversy can easily be ascertained by the defendant by simple calculation for removal." *Dietrich*, 14 F.4th at 1094 (cleaned up). With the sales agreement, "Plaintiffs disclosed the purchase price of the vehicle, [but] they did not provide information about the vehicle's 'payoff history' or the number of miles driven," both of which are needed for Defendant to calculate the available damages. *Stewart*, 2025 WL 2848991, at *4.

United States District Court
Northern District of California

at 1095.  GM removed Plaintiffs' complaint on December 3, 2025, which was within the 30-day period of receiving the loan payoff letter, on November 3, 2025.

Because neither of the first two removal periods expired prior to removal, nor had one year elapsed since this case began, GM timely removed Plaintiffs' complaint based on its own information.  *See Roth*, 720 F.3d at 1125–26.  Therefore, the Court need not consider whether Plaintiffs' complaint was also ambiguous as to citizenship or whether the strict construction standard of *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992), applies to procedural removal.

**B.     Amount-in-Controversy**

A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  But if the plaintiff challenges removal, "[t]he defendant bears the burden of establishing that removal is proper."  *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).

While Plaintiffs' first through fourth claims arise under state law, Plaintiffs' fifth claim for violation of the MMWA, a federal statute, invokes federal question jurisdiction.  28 U.S.C. § 1331.

Claims filed under the MMWA do not trigger federal question jurisdiction unless the amount in controversy is equal of greater than "the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in [the] suit."  15 U.S.C. § 2310(d)(3); *see also Adams v. FCA US, LLC,* No. 2:20-CV-06143-SVW-PD, 2020 WL 5642006, *1 (C.D. Cal. Sept. 21, 2020).  In determining the damages for claims brought under the MMWA, courts look "to the applicable state law to determine what remedies are available under the Act, which of necessity informs the potential amount in controversy."  *Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1239 (C.D. Cal. 2005).

Here, the applicable state law is the Song-Beverly Act.  Cal. Civ. Code § 1790, *et seq.* Under the Song-Beverly Act, a car buyer may recover "in an amount equal to the actual price paid or payable by the buyer," reduced by an amount "directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle to the manufacturer or distributor, or its authorized

6

service and repair facility for correction of the problem that gave rise to the nonconformity." Cal. Civ. Code § 1793.2(d)(2)(B)-(C). This reduction, known as a mileage offset, is calculated by dividing the number of miles driven prior to first delivery for correction by 120,0000, then "multiplying [by] the actual price of the new motor vehicle paid or payable by the buyer, including any charges for transportation and manufacturer-installed options." *Id.* § 1793.2(d)(2)(C); *see also Santillan v. Am. Honda Motor Co.*, No. EDCV 22-CV-1951-KK-SHKX, 2024 WL 4043658, at *2 (C.D. Cal. Sept. 4, 2024).

Here, GM met its burden of proof to adequately estimate Plaintiffs' actual damages. Plaintiffs purchased their 2023 GMC Canyon for $101,783.84. ECF No. 13-2 at 2. At least one court in this District, without deciding whether the reasoning is correct, has decreased the purchase price by relevant offsets to estimate actual damages. *Porter*, 2026 WL 25958, at *3. Following the same reasoning, Plaintiffs could recover $57,391.69 in actual damages. GM's proffered evidence leads to offsets of $3,027.00 for pre-defect mileage, assuming Plaintiffs' first repair visit was to fix this defect; $10,669.00 for optional third-party contracts; and $30,696.15 for unpaid financing, assuming Plaintiffs will make 12 additional monthly payments after November 3, 2025. ECF No. 13 at 28; ECF No. 13-1 ¶¶ 2–4. Plaintiffs do not meaningfully contest GM's calculations besides arguing that they are speculative and lack an evidentiary foundation. But that argument ignores GM's evidence—the sale contract, repair history, and loan payoff information for Plaintiffs' vehicle. ECF Nos. 13-2, 13-3, 13-4. Further, GM need not conclusively prove damages at this stage, since the amount in controversy is an "estimate of the total amount in dispute" that can rely on "a chain of reasoning that includes assumptions." *See Perez v. Rose Hills Co.*, 131 F.4th 804, 808 (9th Cir. 2025) (citations omitted). Because GM's estimate of actual damages is supported by sufficient evidence, GM has shown that Plaintiffs could recover approximately $57,391.69 in actual damages. This exceeds $50,000, so the amount in controversy for federal question jurisdiction under the MMWA is satisfied. Accordingly, it is unnecessary to consider whether civil penalties or attorney's fees should be considered in the amount in controversy under the MMWA.

GM has also demonstrated a basis for diversity jurisdiction. Diversity jurisdiction requires

United States District Court
Northern District of California

a complete diversity of citizenship between the parties and an amount in controversy exceeding $75,000. *See* 28 U.S.C. § 1332(a). As to the amount-in-controversy requirement, GM must demonstrate "'by the preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold." *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014) (quoting 28 U.S.C. § 1446(c)(2)(B)).

First, GM has demonstrated complete diversity of citizenship between the parties. Where, as here, a plaintiff does not challenge allegations of citizenship, a defendant need not submit additional evidence. *See Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227–28 (9th Cir. 2019). GM alleges Plaintiffs are California citizens based on their residency in the state. ECF No. 1 at 3. While, residence is not synonymous with citizenship, *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001), courts generally "treat a person's residence as prima facie evidence of the person's domicile," *Mondragon v. Cap. One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013). And because Plaintiffs do not dispute their citizenship, GM's allegation is sufficient to demonstrate they are California citizens. *See Ehrman*, 932 F.3d at 1228. GM alleges it is an LLC with another LLC as its sole member, and that LLC's sole member is a Delaware corporation with its principal place of business in Michigan. ECF No. 1 at 3. Because Plaintiffs do not dispute these allegations either, they are sufficient to establish GM as a citizen of both Michigan and Delaware. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *Ehrman*, 932 F.3d at 1228. Accordingly, Plaintiffs and GM are not citizens of the same state and there is complete diversity of citizenship.

GM has also demonstrated an amount in controversy exceeding $75,000. As discussed above, GM has shown that Plaintiffs could recover approximately $57,391.69 in actual damages. Under the Song-Beverly Act, if a plaintiff establishes a "willful" violation, they can also recover up to double their actual damages as a civil penalty. Cal. Civ. Code § 1794(c). Here, because Plaintiffs allege GM willfully violated the Song-Beverly Act, *see* Compl. ¶¶ 17, 24, 28, they can recover an additional $114,783.38 in civil penalties, *see* § 1794(c). While Plaintiffs contend that GM must present evidence to show this penalty is likely, the Court finds that a defendant need not present additional proof if the plaintiff alleges a willful violation. *Johnson v. Volkswagen Grp. of*

8

*Am., Inc.*, No. 23-CV-04491-RFL, 2024 WL 2745905, at *1–2 (N.D. Cal. Feb. 2, 2024). That is because "[t]he amount in controversy includes all amounts 'at stake' in the litigation at the time of removal, 'whatever the likelihood that [the plaintiff] will actually recover them.'" *Id.* at *1 (quoting *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018)). "Indeed, it would be odd to require [the defendant] to provide proof that it would be subject to the penalty, an issue for which [the plaintiff] would have the burden of proof at trial." *Id.* at *2. Because Plaintiffs alleged GM willfully violated the Song-Beverly Act, the civil penalty is included in the amount in controversy even without GM submitting additional proof. *See id.*

Based on the foregoing, the amount in controversy is at least $172,175.07; $57,391.69 in actual damages plus $114,783.38 in civil penalties. Because that amount exceeds $75,000, GM has sufficiently established diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

## IV.    CONCLUSION

For the forgoing reasons, Plaintiffs' motion to remand is DENIED.

**IT IS SO ORDERED.**

Dated: March 26, 2026

Noël Wise
United States District Judge

United States District Court
Northern District of California

9